# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

No:3:24-cv-00311

| | |
|---|---|
| J'ON STATON, as Representative of the Estate of MALCOLM TRIESTE STATON, and on behalf of his minor children; and CREE FAULKNER, Individually,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE CATHEY, in his Individual and Official Capacity as Sheriff of Union County Sheriffs Office; CHRISTIOPHER J. HICKS, in his Individual Capacity as a Deputy of the Union County Sheriff's Office; NICHOLAS J. KIRKLEY, in his Individual Capacity as a Deputy of the Union County Sheriff's Office, CHRISTOPHER B. LITTLE, in his Individual Capacity as a Deputy of the Union County Sheriffs Office; and COREY J. WILLIAMS, in his Individual Capacity as a Deputy of the Union County Sheriffs Office,<br><br>Defendants. | **PLAINTIFFS' REDACTED MOTION TO APPROVE WRONGFUL DEATH SETTLEMENT** |

NOW COMES Plaintiff J'on Staton, Administrator of the Estate of Malcolm Staton, through counsel, pursuant to N.C. Gen. Stat. § 28A-13-3(a)(23), and hereby submits this Redacted Motion to approve a wrongful death settlement reached in this action between 1) Plaintiff, J'on Staton, Administrator of the Estate of Malcolm Staton and 2) all named Defendants (hereafter collectively referred to

1

as the "Parties"). The settlement between these Parties must be approved by the Court because the sole beneficiaries are minor children.

In support of this Motion, Plaintiff submits the following:

Ex. 1- Complaint

Ex. 2 – Letters of Administration of J'on Staton, Administrator of the Estate of Malcolm Staton.

Ex. 3 – Settlement and Release of All Claims;

    Ex. 3A - Qualified Assignment and Release Agreement

Ex. 4 - Affidavit of Shean Williams, Counsel for Plaintiff; with Invoice

    Itemizing Advanced Case Expenses of The Cochran Firm;

Ex. 5 - Affidavit of Hailey Hawkins, Guardian ad Litem;

Ex. 6 -Invoice of Simpson Law Firm for legal services provided to the Estate of Malcolm Staton;

Ex. 7- Funeral and Burial Expenses for Malcolm Staton; and

Ex. 8-Legacy Enhancement Trust Documents for all minor children of Malcolm Staton.

In support of this Motion, and pursuant to LCvR 7.1, the Pretrial Order and Case Management Plan (DE 30), Plaintiff shows the Court as follows:

## FACTUAL BACKGROUND

1. This action arises from the March 15, 2022, death of Malcolm Staton, who was shot and killed by deputies of the Union County Sheriff's Office. Plaintiff has alleged claims against the Defendants in this action for violations of federal civil rights laws pursuant to 42. U.S.C. § 1983, wrongful death, and action of bond and N.C. Gen. Stat § 58-76-1, *et seq.* (See Plaintiff's Complaint attached hereto as Exhibit "1").

2. Malcolm Staton ("Mr. Staton") was thirty (30) years old at the time of his death. He is survived by six children: (LRS age 5, KKS age 4, DTS1 age 14, DTS2 age 10, DTS3 age 9, and ZZM age 14). Plaintiff is J'on Staton, the mother of Malcolm Staton. J'on Staton is the Administrator of the Estate of Malcolm Station and was appointed as such on June 27, 2024. (See Appointment of J'on Staton as Administrator of the Estate of Malcolm Staton attached hereto as Exhibit "2").

3. On March 15, 2022, at approximately 7 p.m., Mr. Staton and Ms. Faulkner drove in her 2009 Honda Accord to Sunny Food Mart ("the store") located in Union County at 1800 Walkup Ave., Monroe, North Carolina 28110.

4. Upon information and belief, Defendants Hicks, Williams, Little and Kirkley, were participating in an undercover drug investigation and suspected that Mr. Staton had drugs on his person or in the vehicle which is why they attempted to detain him. This was not true. Mr. Staton never had any drugs on his person or in the vehicle at any time prior to and after the shooting.

5. When they arrived at the store, Mr. Staton was driving and Ms. Faulkner was sitting in the front passenger seat, while her and Mr. Staton's two minor children, LRS and KSS, were seated in the back of the car along with Ms. Faulkner's minor son, GL.

6. Once they arrived at the store, Mr. Staton parked, got out of the Honda, and entered the store, leaving Ms. Faulkner and the children in the vehicle. Shortly after entering the store, Mr. Staton returned to the vehicle to get more money from Ms. Faulkner for his purchase and then went back into the store.

7. After coming out of the store with his purchases, Mr. Staton got back into the Honda with Ms. Faulkner and the children, turned the car on and attempted to drive out of the store's parking lot, just prior to Mr. Staton's encounter with Defendant deputies. Video footage from the store shows that this incident "starts with an unmarked car with blue lights pulling up to the side of Malcolm Staton's

4

Honda Accord" at which point "the officer jumps out and Staton backs up as another officer pulls behind him."

8. The video shows that "Staton drives around the first car, and another unmarked car can be seen speeding into view to block him" and "[t]hen, a pickup truck slams into the back of Staton's car." Upon information and belief, Defendants Hicks, Williams, and GL were occupying the unmarked vehicles that can be seen in the above-referenced video attempting to block Mr. Staton from driving out of the parking lot, by positioning their vehicles to each side of the Honda, and then rear-ending the vehicle in a pickup truck.

9. Although not shown in the above-referenced video, as Defendants Hicks, Williams, and GL are attempting to block the Honda from leaving the store's parking lot, an unmarked van pulls up and joins in the attempt to block the Honda by pulling in front of the Honda. Upon information and belief, Defendant Kirkley was observing the events as they unfolded from across the street and was the driver of the unmarked van that pulled in front of the Honda; joining Defendants Hicks, Williams, and GL in their attempt to block the Honda from leaving the parking lot.

10. After pulling in front of the Honda, Defendant Kirkley exited his vehicle and began shooting into the Honda multiple times, striking both the vehicle

5

and Mr. Staton. The Honda that Mr. Staton was driving at the time of this incident was owned by Ms. Faulkner.

11. As a direct and proximate result of Defendant Kirkley shooting multiple times into the Honda, with the intent to strike and detain Mr. Staton, several bullets struck Mr. Staton, twice in the back of the head, and once on the side of his head, resulting in his death on March 17, 2022. After being shot, Mr. Staton was handcuffed, provided with medical treatment on the scene by EMT's and then transported to Atrium Health Carolinas Medical Center in Charlotte for treatment relating to his gunshot injuries.

12. As a direct and proximate result of Defendant Kirkley shooting at and into the Honda, Ms. Faulkner was struck by a bullet across her right breast, causing an open wound and permanent scarring which also required medical treatment. As a result of being shot in the head by Defendant Kirkley, blood from Mr. Staton's gunshot wounds splattered onto the face and clothing of Ms. Faulkner.

## PROCEDURAL BACKGROUND

13. On March 14, 2024, Plaintiff filed a Complaint in the United States District Court for the Western District of North Carolina against Defendant Eddie Cathey, Defendant Christopher Hicks, Defendant Nicholas Kirkley, Defendant

6

Christopher Little, and Defendant Corey Williams. (See Plaintiff's Complaint, Exhibit "1").

14. Subsequently, Defendants collectively contacted Plaintiff's counsel to discuss the possibility of mediating the case prior to Defendants filing an Answer.

15. On May 2, 2024, and May 17, 2024, Defendants filed a Motion of Extension of Time to Answer. (DE 16).

16. On May 20, 2024, the Court issued an Order granting Defendants' Motion for Extension of Time to Answer and a preliminary scheduling order to permit pre-answer mediation. (DE 19).

17. Prior to mediation, the Parties agreed to exchange documents, including video footage from the incident. These documents, including the documents Plaintiff had obtained prior to litigation, allowed the parties to participate in meaningful mediation.

18. On July 10, 2024, the Parties and their counsel attended a mediation before Attorney Allison Bell. As a result of the parties' good faith efforts, the parties reached a settlement for the claims of Cree Faulkner and the Estate Malcolm Staton.

7

## PROPOSED SETTLEMENT

19. The Administrator of the Estate has the authority to settle the wrongful death claims alleged in this action. However, unless all beneficiaries "are competent adults and have consented in writing, any such settlement shall be subject to the approval of a judge of the court or tribunal exercising jurisdiction over the action..." N.C. Gen. Stat. § 28A- 13-3(23) (2018).

20. Under the proposed settlement, the Defendants will pay the Estate of Malcolm Staton the amount of **$2,437,500.00** as full and final satisfaction of all claims that were or could have been alleged against them. The terms of the proposed settlement are memorialized in the "Settlement and Release," which is attached as Exhibit "3" and the "Qualified Assignment and Release Agreement" which are attached as Exhibit "3A".

21. Case Expenses: During this litigation, counsel for Plaintiff, The Cochran Firm, advanced case expenses on Plaintiff's behalf totaling **$11,925.00**. These expenses include but are not limited to travel expenses, transportation expenses, filings costs, expenses for retention of a guardian ad litem and probate attorneys. A printout itemizing the advanced case expenses is attached to the Affidavit of Shean Williams. (Affidavit of Shean Williams, Esq. attached hereto as Exhibit "4"). These expenses were reasonably necessary to prosecute this action and

8

were fair and reasonable in amount. There are no outstanding case expenses that remain unpaid. There are no outstanding hospital or medical expenses.

22. Attorneys' Fees: The Cochran Firm represented Plaintiff under a Contingent Fee Contract basis of 40% of any recovery, whether by settlement or trial. The attorneys' fee request by counsel for Plaintiff is fair and reasonable in light of: (1) the amount of time expended by Plaintiff's counsel; (2) the novelty and difficulty of the issues; (3) the skill and legal expertise required to handle this case; (4) the customary fee for similar work; (5) the contingent nature of the fee; (6) the results obtained on Plaintiff's behalf with this settlement; (7) the experience, reputation, and ability of counsel; (8) the nature and length of the professional relationship; and (9) the fee awards in similar cases. *See In re Abrams & Abrams, P.A.*, 605 F.3s 238, 244 (4th Cir. 2010); Exhibit "4", Affidavit of Shean Williams, Esq.).

23. GAL Fee: Attorney Hailey Hawkins of Stott, Hollowell, Windham & Stancil, PLLC has requested a retainer payment of **$2,500.00** for her services as Guardian ad Litem for the six minor children of Malcolm Staton. This fee is fair and reasonable for the services provided by Mrs. Hawkins as GAL. This retainer payment is listed in Cochran Firm's case expenses and has already been paid by Plaintiff's attorney. (Affidavit of Hailey Hawkins, Esq. attached hereto as Exhibit "5").

24. Probate Attorney Fee: Attorney Katherin Pennant of the Simpson Law Firm submitted an invoice in the amount of **$10,169.49**. The amount of **$10,169.49** will be paid out of the settlement proceeds upon approval by this Court. The retainer of **$2,500** listed in Cochran Firm's case expenses and has already paid by Plaintiff's attorney. (See Invoice of Simpson Law Firm attached as Exhibit "6").

25. Administrator Fee: Plaintiff J'on Staton is requesting a small commission fee of **$28,405.51** of settlement for her services which comes to 1.11% of the total settlement.

26. Funeral Expenses: The funeral and burial expenses for Malcolm Staton totaled at **$12,000.00** with **$10,000.00** representing the funeral services and **$2,000.00** representing the headstone for Malcolm's gravesite that is waiting to be purchased from the settlement proceeds upon approval by this Court. (See Funeral Expenses from Blakely's Funeral Services attached as Exhibit "7").

27. Distribution to the Minor Children: After the payment of case expenses and attorney's fees, there will be **$1,400,000** available for distribution to the beneficiary of the Estate (the "Net Settlement Funds"). Under the North Carolina Intestate Succession Act, each of the six minor children is entitled to the amount of **$233,333.33 ($1,400,000.00 ÷ 6 - $233,333.33)**.

28. Under N.C. Gen. Stat. § 28A-18-2, a wrongful death settlement must be disbursed by the personal representative in the following order: (a) reimbursement/payment of expenses incurred in pursuing this action; (b) payment of attorney's fees; (c) payment of funeral expenses; (d) reimbursement of reasonable hospital and medical expenses incident to the injury resulting in death; and (e) the balance distributed to the beneficiaries under the Intestate Succession Act. In this case, if approved, the proposed settlement would be disbursed as follows:

   a. Payment of attorney's fees to The Cochran Firm in the amount of **$975,000.00** for legal services;

   b. Payment of case expenses in the amount of **$11,925.00** incurred by The Cochran Firm including the attorney's fees to Stott, Hollowell, Windham & Stancil, PLLC in the amount of **$2,500** for legal services as guardian ad litem;

   c. Payment of attorney's and expenses to Simpson Law Firm in the amount of **$10,169.49** for legal services and expenses provided to the Administration of Malcolm Staton;

   d. Payment to Administrator J'on Staton for the services she provided as Administrator for the Estate of Malcolm Staton prior to and during this litigation in the amount of **$28,405.51**.

11

29. Under the proposed settlement, the six minor children will receive all the Net Settlement Funds in the amount of **$1,400,000.00**. This amount will be used to purchase a structured settlement annuity as set forth in the Settlement Release and Qualified Assignment and Release Agreement. From the Net Settlement Funds of **$1,400,000.00, $770,000.00** will be used to purchase individualized settlement annuities for each of the six minor children as set forth attached hereto as Exhibit "3" and "3A".

30. After purchase of the settlement annuities for the six minor children, the remaining **$630,000.00** will be paid to the Legacy Enhancement Minors' Master Pooled Trust for each of the minor children of Malcolm Staton as set forth and according to the Joinder Agreement for each child attached hereto as Exhibit "8". Specifically, the Legacy Enhancement Minors' Master Pooled Trust will be paid the amount of **$103,333.33** for LRS, the amount of **$103,333.33** for KSS, the amount of **$103,333.33** for DTS1, the amount of **$133,333.33** for DTS2, the amount of **$133,333.33** for DTS2, and the amount of **$53,333.33** for ZZM.

31. J'on Staton has reviewed all the settlement documents and trust instruments and has consented to the settlement in writing and believes that the settlement and proposed disbursements are fair, reasonable, and in the best interest of the minor beneficiaries.

32. Hailey Hawkins, Esq., as Guardian Ad Litem for the six minor children, has reviewed the settlement documents, spoken with the mothers of the six minors and conferred with counsel for Plaintiff about this case. Attorney Hailey believes that the settlement and proposed disbursements are fair, reasonable, and in the best interest of six minor children.

33. Counsel for Plaintiff has contacted counsel for the Defendants, who have indicated that they do not oppose and join the request to approve the settlement.

WHEREFORE, Plaintiff requests that the Court approve the settlement and proposed disbursements, issue the Consent Order, allow the Parties to file a Stipulation of Dismissal With Prejudice, and grant such other and further relief as may be just and proper.

Respectfully submitted this 15th day of August 2025.

**THE COCHRAN FIRM**

*/s/ Shean D. Williams*
Faith Fox, Esq. (NC Bar#49729)
N.C. Bar No.: 49729
Shean D. Williams, Esq.
Georgia Bar No. 764139
Pro hac admission
Samuel L. Starks, Esq.
Georgia Bar No. 676515
Pro hac admission
*Attorneys for Plaintiffs*

436 East 36th Street
Charlotte, NC 28205
Telephone: 704-762-1588
Fax: 704-980-7554
Email: ffox@cochranfirmcharlotte.com
swilliams@cochranfirmatl.com
sstarks@cochranfirmatl.com

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

No:3:24-cv-00311

| | |
|---|---|
| J'ON STATON, as Representative of the Estate of MALCOLM TRIESTE STATON, and on behalf of his minor children; and CREE FAULKNER, Individually,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE CATHEY, in his Individual and Official Capacity as Sheriff of Union County Sheriffs Office; CHRISTIOPHER J. HICKS, in his Individual Capacity as a Deputy of the Union County Sheriffs Office; NICHOLAS J. KIRKLEY, in his Individual Capacity as a Deputy of the Union County Sheriffs Office, CHRISTOPHER B. LITTLE, in his Individual Capacity as a Deputy of the Union County Sheriff's Office; and COREY J. WILLIAMS, in his Individual Capacity as a Deputy of the Union County Sheriff's Office,<br><br>Defendants. | PLAINTIFFS' REDACTED MOTION TO APPROVE WRONGFUL DEATH SETTLEMENT |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he filed and served the foregoing document, **Plaintiffs' Redacted Motion to Approve Wrongful Death Settlement**, upon the following counsel for the Defendants by the *CM/ECF* in the United States District Court for the Western District of North Carolina:

D. Brandon Christian, Esq.
3370 Presson Road
Monroe, NC 28112

William Luke Hill, Esq.
Frazier Hill & Fury, R.L.L.P.
P.O. Drawer 1559
500 West Friendly Avenue, Suite 100
Greensboro, NC 27401

Patrick H. Flanagan, Esq.
Cranfill Sumner
2907 Providence Road, Suite 200
Charlotte, NE 28211

This 15th day of August 2025.

**THE COCHRAN FIRM**

*/s/ Shean Williams*
Faith Fox, Esq. (NC Bar#49729)
N.C. Bar No.: 49729
Sam L. Starks, Esq.
Samuel L. Starks, Esq.
Pro hac admission
Shean Williams, Esq.
Georgia Bar No. 764139
Pro hac admission
***Attorneys for Plaintiffs***

436 East 36th Street
Charlotte, NC 28205
Telephone: 704-762-1588
Fax: 704-980-7554
Email: ffox@cochranfirmcharlotte.com
swilliams@cochranfirmatl.com
sstarks@cochranfirmatl.com